## Applicability of Pennsylvania Prevailing Wage Act to Industrial Development Authorities

PACKEL, Attorney General, June 6, 1974.—You have asked us two questions with respect to the appli-

cability of the Pennsylvania Prevailing Wage Act of August 15, 1961, P. L. 987, as amended, 43 PS §165-1, et seq., to industrial development authorities, created pursuant to the Industrial and Commercial Development Authority Law of August 23, 1967, P. L. 251, as amended, 73 PS §371, et seq.

1. Is an industrial development authority a "public body" within the meaning of the Prevailing Wage Act?

Section 5 of the Prevailing Wage Act requires that:

"Not less than the prevailing minimum wages as determined hereunder shall be paid to all workmen employed on public work": 43 PS §165-5.

"Public work" is defined by the act to mean "construction, reconstruction, demolition, alteration and/or repair work other than maintenance work, done under contract and paid for in whole or in part out of the funds of a public body where the estimated cost of the total project is in excess of twenty-five thousand dollars ($25,000), but shall not include work performed under a rehabilitation or manpower training program": 43 PS §165-2(5).

"Public body" is defined to mean "the Commonwealth of Pennsylvania, any of its political subdivisions, any authority created by the General Assembly of the Commonwealth of Pennsylvania and any instrumentality or agency of the Commonwealth of Pennsylvania": 43 PS §165-2(4).

An industrial development authority is defined by the Industrial and Commercial Development Authority Law to mean "a public instrumentality or the Commonwealth and a body politic and corporate, created pursuant to this act": 73 PS §373(1).

It is clear, therefore, that an industrial development authority is a "public body" within the meaning of the Prevailing Wage Act.

2. Where an industrial development authority proposes to construct a manufacturing plant with funds

derived exclusively from a mortgage executed by the authority to a lending institution and repaid entirely from rent due under a long-term lease from the authority to a private business corporation which the authority will assign to the lending institution, is the construction project covered by the Prevailing Wage Act?

It would seem clear from the above question that the proposed project is a construction project in excess of $25,000. The only issue needing clarification is whether the funds involved are "in whole or in part . . . funds of a public body."

On this issue, you have informed us that the interest on the above loan will be tax free in accordance with State and Federal law. Furthermore, in order to comply with the provisions of such law, it is abundantly clear that the funds involved *must* be public funds which will further a public purpose. See Basehore v. Hampden Industrial Development Authority, 433 Pa. 40, 47 (1968). This would be true regardless of whether, as here, the project were financed by revenue bonds floated by the authority. Given these facts and given the undisputed fact that the funds will be borrowed by the authority for which it will pledge its credit and must repay, in the event of default by the private business corporation, we conclude, and you are hereby advised, that a construction project financed and carried out as described above is covered by the Pennsylvania Prevailing Wage Act.*

---

* It should be emphasized that the rationale of this opinion applies only where the local authority is required to let bids and becomes a party to the construction contract or otherwise authorizes the public work through a direct undertaking with the contractor or subcontractor. Where the authority performs merely a financing function, like the Pennsylvania Industrial Development Authority, see official opinion no. 252 of July 25, 1962, the conclusions of this opinion are not applicable.